UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-12937-GAO

ISAIAS SEMEDO,
Petitioner,

v.

SEAN MEDEIROS,
Respondent.

OPINION AND ORDER
April 9, 2019

O'TOOLE, D.J.

Isaias Semedo has petitioned this court for habeas corpus relief under 28 U.S.C. § 2254. In 2004, following a jury trial in the Massachusetts Superior Court, Semedo was convicted of murder in the first degree on a theory of felony murder, with armed robbery as the predicate felony. Semedo was also convicted of armed robbery, but he was acquitted of unlawful possession of a firearm. Semedo appealed to the Massachusetts Supreme Judicial Court ("SJC"), and that court affirmed Semedo's felony murder conviction. Commonwealth v. Semedo, 921 N.E.2d 57 (Mass. 2010).[1]

Semedo moved for a new trial in Superior Court. He argued that he was denied his right to a public trial because the courtroom was closed to the public during jury selection, and he claimed that he had not received effective assistance of counsel at his trial. He also argued he had been denied due process because of impropriety by the prosecutor in his opening statement. After an

---

[1] Because the armed robbery was the predicate offense for the felony murder conviction and therefore necessarily a lesser included offense, the SJC vacated that conviction and ordered the relevant indictment dismissed. Id. at 62.

evidentiary hearing on the public trial issue, the Superior Court judge denied the motion. Then, pursuant to Massachusetts General Laws Chapter 278, Section 33E, Semedo filed a "gatekeeper" application with a single justice of the SJC for leave to appeal the denial of his motion for a new trial to the full panel of the SJC. A single justice of the SJC denied the application concluding "that it does not present 'a new and substantial question which ought to be determined by the full court.'" (Pet., Ex. C (dkt. no. 1-4) (quoting Mass. Gen. Laws ch. 278, § 33E).)

## I. Standard of Review

A federal court reviews a state prisoner's application for a writ of habeas corpus if the prisoner alleges his custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petitioner must show that the state court's decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d). In order to merit habeas relief, the state court's decision cannot merely be erroneous or incorrect; it must have been "objectively unreasonable." Woodford v. Visciotti, 537 U.S. 19, 27 (2002). This standard is difficult to satisfy because it is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." Id. at 24 (citation omitted).

## II. Discussion

The present petition raises the following claims: (1) the evidence was insufficient to support the conviction for first-degree murder on a joint venture theory in violation of Semedo's due process rights; (2) the prosecutor's closing argument was improper and violated due process; (3) the petitioner's due process rights were violated because an unconstitutional variance occurred in the proof at trial; (4) the trial court erroneously charged the jury on both principal

2

and joint venture theories, violating due process; (5) the petitioner's Sixth Amendment right to be tried by an impartial jury was violated because two dissenting jurors were coerced by other jurors into agreeing to a guilty verdict; (6) court officers closed the courtroom for the entire jury selection process in violation of the petitioner's Sixth Amendment right to a public trial; and (7) the petitioner was denied his Sixth Amendment right to the effective assistance of counsel.

### A. Barred Claims

Generally, a federal court is precluded from conducting habeas review where the state court resolved an issue not by resort to federal law but rather on the basis of an "independent and adequate state ground." Coleman v. Thompson, 501 U.S. 722, 729 (1991). In particular, "[a] state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." Martinez v. Ryan, 566 U.S. 1, 9 (2012).

#### i. Unobjected-to Portions of the Closing Argument

The petitioner argues that some of the prosecutor's statements in his closing argument were improper. The petitioner did not object to any of the identified statements at trial.

In the absence of objection, the SJC's review was "confined to determining whether these statements were improper, and, if so, whether they created a substantial likelihood of a miscarriage of justice." Semedo, 921 N.E.2d at 70 (citing Commonwealth v. Cosme, 575 N.E.2d 726 (Mass. 1991)). Failure to timely object constitutes a procedural default barring federal habeas relief if "the state court consistently applies its contemporaneous objection rule and has not waived it in the particular case by basing the decision on some other ground." Horton v. Allen, 370 F.3d 75, 80–81 (1st Cir. 2004). The First Circuit has recognized that Massachusetts state courts have

3

consistently applied this rule. Janosky v. St. Amand, 594 F.3d 39, 44 (1st Cir. 2010) ("[T]he Massachusetts requirement for contemporaneous objections is an independent and adequate state procedural ground."); see also Mass. R. Crim. P. 22. Although the SJC did review Semedo's challenges to determine if there was a miscarriage of justice, this "review does not amount to a waiver of the state's contemporaneous objection rule." Janosky, 594 F.3d at 44 (collecting cases).

In his reply brief, the petitioner's only response to the argument that this claim was waived is that it qualifies under the exception to waiver because the prosecutor's statements were "so fundamentally unfair as to deny him due process." (Pet'r's Reply Mem. 10 (dkt. no. 56) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 645 (1974)).) This argument is unpersuasive because, as the SJC found, the evidence, or reasonable inferences from it, provided support for each of the objected-to statements by the prosecutor at closing. See Semedo, 921 N.E.2d at 15–16. As a result, this procedural default is not excused.

>    ii.    *Courtroom Closure and Ineffective Assistance of Trial Counsel Claims*

After the SJC affirmed the petitioner's convictions, he moved for a new trial arguing that his right to a public trial and to the effective assistance of counsel were violated. The trial court denied the petitioner's motion after an evidentiary hearing. The court concluded that Semedo had not proved as a fact that the courtroom had been closed either by order of the court or by action of court officers. (See Pet., Ex. B at 11 (dkt. no. 1-3).) A single justice of the SJC denied Semedo's gatekeeper application regarding this issue because "it [did] not present 'a new and substantial question which ought to be determined by the full court.'" (Pet., Ex. C (quoting Mass. Gen. Laws ch. 278, § 33E).)

The First Circuit has held that § 33E's "new and substantial" standard has been applied consistently by the SJC and qualifies as an "independent and adequate state-law ground." See

4

Mendes v. Brady, 656 F.3d 126, 128–30 (1st Cir. 2011); see also Lee v. Corsini, 777 F.3d 46, 55–56 (1st Cir. 2015). The courtroom closure claim is procedurally defaulted and cannot be considered.

B.  Sufficiency of the Evidence

The petitioner's challenge to the sufficiency of the evidence is governed by Jackson v. Virginia, 443 U.S. 307, 319 (1979). Under Jackson, the Court is required to assume that the jury resolved all conflicting factual inferences in favor of the prosecution, and it "must defer to that resolution." Id. at 326. "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 565 U.S. 1, 2 (2011) (per curiam).

Under this deferential standard, the SJC's decision was not contrary to or an unreasonable application of Jackson because the record contains sufficient evidence to support the petitioner's felony murder conviction. The SJC held that "[t]he evidence and the reasonable inferences drawn therefrom were sufficient to warrant a finding that the [petitioner] was guilty of murder on a theory of felony-murder." Semedo, 921 N.E.2d at 65. The SJC specifically noted that the petitioner was linked to the murder "by evidence of his physical appearance, the money found in a jacket in the van when it was stopped, the time line of events on the day of the murder, and the white Nissan 240SX automobile found near the murder scene." Id. at 66. The SJC's conclusions, which it carefully explained, were not "objectively unreasonable." See Coleman v. Johnson, 566 U.S. 650, 651 (2012) (per curiam) (quoting Cavazos, 565 U.S. at 2). The petitioner is not entitled to habeas relief on this claim.

C.   Prosecutor's Closing Arguments

The petitioner argues that the prosecutor made several improper statements during closing arguments, and that the SJC's decision to affirm his convictions despite these statements was objectively unreasonable and contrary to the law.[2]

The Court reviews the petitioner's claim in order to determine "whether the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly, 416 U.S. at 643).

The SJC rejected most of the challenged statements because it found that those comments were based on the evidence and the reasonable inferences that could be drawn from the evidence. Those conclusions were not "objectively unreasonable." See Woodford, 537 U.S. at 27. Even if competing inferences are supported in the evidence, a prosecutor is permitted to argue inferences favorable to his case that are based in the evidence and to "urg[e] the jury to accept these inferences." See Kirwan v. Spencer, 631 F.3d 582, 588 (1st Cir. 2011) (citing Donnelly, 416 U.S. at 643).

The petitioner also challenges the prosecutor's statement that the jury could rely on their experience in driving from Boston to Brockton during a view to estimate the amount of time that elapsed between the robbery and murder and the stopping of the vehicle by the police. After a defense objection to the prosecutor's argument, the trial judge instructed the jury not to consider "the amount of time that it took to drive from Boston to Brockton, when we took our view, that is not evidence in the case." Semedo, 921 N.E.2d at 68. In his final instructions, however, he modified that statement. While under Massachusetts law information obtained on a view is not

---

[2] As discussed above, this Court has rejected the petitioner's challenge to the unobjected-to portions of the prosecutor's closing statement. Only those portions of the closing argument that were objected to at the time are considered.

6

strictly described as evidence, nonetheless the SJC concluded that the judge's second instruction that the "view is part of this case, and you may consider what you saw on the view as you examine and evaluate the evidence in this case" was correct. Id. "[W]hat is seen on the view may be used by the jury in reaching their verdict," Commonwealth v. Corliss, 23 N.E.3d 92, 97 (Mass. 2015) (quoting Commonwealth v. Gomes, 944 N.E.2d 1007, 1012 (Mass. 2011)), and, because there was evidence presented that the petitioner was both in Boston and Brockton on the day of the murder, the jury could properly have used its understanding of such a trip to evaluate the Commonwealth's timeline of events.

Next, the petitioner argues that the two instances in which the SJC concluded that the prosecutor's comments were improper but also that those statements could not have substantially swayed the jury were in fact highly prejudicial and resulted in a violation of his due process rights.

First, the SJC found that one of the statements was merely a "rhetorical device intended to communicate accurately to the jury that there was no direct evidence of the defendant's knowledge of the [victim's] banking routine." Id. at 69. As to the others, the SJC determined that the arguments were sufficiently grounded in the trial evidence and thus within the bounds of permissible comment. Id. at 69–70.

It is also important to note that both after the closing arguments and in the final charge to the jury, the trial judge instructed the jury that counsel's closing arguments did not constitute evidence. (See Resp't's Suppl. Answer 1887, 1899 (dkt. no. 19).) This type of instruction limits the impact of improper statements by redirecting the jury to focus on the evidence presented at trial. See Darden, 477 U.S. at 182; Olszewski v. Spencer, 466 F.3d 47, 60 & n.13 (1st Cir. 2006).

7

D.  Variance[3]

The petitioner alleges that his due process rights were violated because the prosecutor presented evidence to the grand jury that Lopes had confessed to shooting the victim and that Semedo had participated in the crime as a joint venturer, but at trial the prosecutor implied in his opening that it was possible that either the petitioner or his co-defendant Lopes had shot the victim. The SJC noted that as long as the grand jury was presented evidence establishing probable cause to believe that the defendant had committed the charged crime, the indictments were valid. Semedo, 921 N.E.2d at 71–72. The petitioner points to no clearly established Supreme Court decision that contradicted the SJC's conclusion, which was essentially an analysis of state law principles.

E.  Jury Instructions on the Elements of the Charged Offenses

The petitioner alleges that his due process rights were violated because the trial judge's instructions on first-degree felony murder and armed robbery charged the jury on both a joint venture theory and on a theory that the petitioner was the principal, even though there was no evidence to support Semedo acting as the principal.

The Supreme Court has held that an improper jury instruction warrants federal habeas relief only if "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). No such error occurred here.

---

[3] The petitioner uses "variance" to identify his claim, but his description of the claim does not align with that term's usual meaning. In the context of criminal procedure, "variance" refers to "a difference between the allegations in a charging instrument and the proof actually introduced at trial." *Variance*, Black's Law Dictionary (10th ed. 2014).

The SJC concluded that "[n]o portion of the judge's charge suggests that the jury could convict the [petitioner] as a principal" and that "[t]he jury were instructed twice specifically that the Commonwealth was proceeding against the defendant on a joint venture theory." Semedo, 921 N.E.2d at 72.[4] Additionally, the SJC noted that the jury was instructed on the elements of armed robbery because "[t]he judge was required to do so in explaining the Commonwealth's burden of proof on the charge of murder in the first degree on a theory of felony murder," where the predicate felony was armed robbery. Id. The Supreme Court has held that "[i]n order for a defendant to be convicted of felony murder . . . the jury must be instructed as to the elements of the underlying felony." Schad v. Arizona, 501 U.S. 624, 660–61 (1991). The trial judge's instructions to the jury did not violate the petitioner's right to due process.

F. Right to an Impartial Jury

The petitioner claims that his Sixth Amendment right to an impartial jury was violated because the trial judge denied the petitioner's post-trial request to conduct a voir dire inquiry of the jurors after the court received a post-verdict letter indicating that two dissenting jurors had been coerced into a rendering a guilty verdict.

The trial court held a hearing on this issue, but "[t]he judge denied the request [for voir dire] on the ground that none of the juror's complaints 'constitute[d] an extraneous influence on the jury but rather concerned the jury's internal deliberations, which are not to be made subject to posttrial scrutiny." Semedo, 921 N.E.2d at 74 (internal quotation marks and citation omitted). The SJC noted that a trial judge "has broad discretion in determining whether a postverdict inquiry of a juror is warranted," and it also affirmed the trial judge's decision because the judge did not

---

[4] The Commonwealth is not required to prove the exact role of each coventurer. See Commonwealth. v. Chipman, 635 N.E.2d 1204, 1209 (Mass. 1994).

"abuse that discretion." Id. at 75 (citing Commonwealth v. Dixon, 479 N.E. 159, 161–62 (Mass. 1985)).

The respondent argues that the petitioner is not entitled to federal habeas relief on this claim because there is no established Supreme Court law requiring a state court to conduct a voir dire inquiry of the jurors after the court received a post-verdict letter. This argument is meritorious.

Although the petitioner cites Supreme Court cases for the general proposition that the Constitution guarantees criminal defendants the right to a fair and impartial jury, such as Smith v. Phillips, 455 U.S. 209 (1982), and Duncan v. Louisiana, 391 U.S. 145 (1968), the petitioner does not identify any Supreme Court case that supports his specific claim that a court is required to conduct a voir dire evidentiary hearing in the event of a post-trial claim concerning the course and content of jury deliberations. In the absence of "clearly established" federal law, granting habeas relief is not authorized. 28 U.S.C. § 2254(d); see Carey v. Musladin, 549 U.S. 70, 77 (2006).

## III. Conclusion

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED, and the case is dismissed.

Because the petitioner has not "made a substantial showing of the denial of a constitutional right," no certificate of appealability shall issue. See 28 U.S.C. § 2253(c)(1).

It is SO ORDERED.

                                                               /s/ George A. O'Toole, Jr.
                                                               United States District Judge